# Pursell's Estate.

*Decedent's estate—Wills—Husband's election to take against will—$5,000 preferential claim—Real estate—Election to take real estate—Real property subject to specific devise.*

1. When a surviving wife or husband elects to take against the other's will, there are as to her or him no legatees or devisees to be considered. The estate is to be distributed as that of an intestate under the intestate laws of the State, of which the Act of April 1, 1909, P. L. 87, is a constituent part.

2. Where a testatrix leaves surviving her a husband but no issue and the husband elects to take against her will and claims the sum of $5,000 out of her estate under the provisions of the Act of April 1, 1909, P. L. 87, a devisee of a particular tract of land belonging to the decedent cannot complain because he chose to take a portion of that sum in real estate and there was set apart to him the land specifically devised to her, even though the pecuniary legacies and the residuary estate of the deceased exceeded the sum of $5,000.

3. In such case when a husband elects to take a portion of his preferential claim in land, his right is to select any piece of his wife's real estate that he chooses, for the procedure for selecting and setting apart to him $5,000, in value of the property of his wife is the same as is provided by the Act of April 14, 1851, P. L. 612, relating to widow's exemptions.

Argued February 9, 1914. Appeal, No. 303, Jan. T., 1913, by Mary F. Mondeau, from Decree of O. C. Bucks County, dismissing exceptions to appraisement in the Estate of Elizabeth S. Pursell, Deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition under the Act of April 1, 1909, by surviving husband to have set aside to him $5,000 out of the estate of deceased wife. Before RYAN, P. J.

The opinion of the Supreme Court states the case.

The court dismissed the exceptions to the appraise-

ment and decreed that Benjamin W. Pursell, the surviving husband, was entitled to the fee of the land specifically devised to Mary C. Mondeau, as part of his $5,000.

*Error assigned* was the action of the court.

*Webster Grim,* with him *Harry E. Grim,* for appellant.—The $5,000 is not removed by the statute from the regular course of distribution as is the $300 allowed to the widow under the Act of 1851. For every purpose except fixing the portion belonging to the surviving husband the will is in force: Gallagher's Est., 76 Pa. 296.

The Act of 1909 expressly limits the $5,000 to the property remaining after the payment of all just debts, and legal charges; which shall not have been sold or disposed of by will or otherwise limited by marriage settlement: Lyon's Est., 3 Pa. D. R. 739; Keeley v. Rittenhouse, 3 Montg. County, 203; Guenthoer's Est., 235 Pa. 67; Young's App., 108 Pa. 17; Gallagher's App., 87 Pa. 200; Sandoe's App., 65 Pa. 314; McCombs's Est., 49 Pitts. L. J. 218.

*Thomas Ross,* with him *Harman Yerkes,* and *George Ross,* for appellee.—The distribution to a surviving husband electing to take against the wife's will is to be made as though the wife in effect as to him died intestate: Moore's Est., 50 Pa. Superior Ct. 76; Guenthoer's Est., 235 Pa. 67; Lane's Est., 6 Pa. D. R. 618; Gourley's Est., 11 Pa. D. R. 429; Buckland's Est., 239 Pa. 608.

OPINION BY MR. JUSTICE BROWN, March 9, 1914:

The testatrix was survived by her husband, but no issue. He elected to take against her will, and claimed the sum of $5,000 out of her estate under the provisions of the Act of April 1, 1909, P. L. 87. The appraisers selected to appraise and set apart property of his wife's estate in this amount included in their appraisement

certain real estate which they valued at $1,550. This property was devised to him for life, with remainder to Mary Mondeau, and she has appealed from the decree confirming the report of the appraisers.

It is conceded that the appellee may elect to take against his wife's will, and is entitled, under the Act of 1909, to get the sum of $5,000 from her real or personal estate, or both; but the contention of the appellant is that, in view of the fact that pecuniary legacies and the residuary estate of the decedent exceed the sum of $5,000, the appellee has no right to take, as a portion of the sum to which he is entitled under the Act of 1909, the land specifically devised to her. Whether the legatees must, in some measure, relieve appellant's disappointment is not now a question before us. How the estate is to be divided, in view of the appellee's election to take against his wife's will, must be determined on distribution.

In her contention that the appellee ought not to be permitted to take the land devised to her the appellant overlooks the fact that, when a surviving wife or husband elects to take against the other's will, there are, as to her or him, no legatees or devisees to be considered. The estate is to be distributed as that of an intestate, under the intestate laws of the State, of which the Act of 1909 is a constituent part. The appellee, therefore, under his election to take against his wife's will, takes as if she had made no will: Guenthoer's Estate, 235 Pa. 67. Her estate having exceeded the sum of $5,000, her husband was entitled, upon his election not to abide the terms of her will, to take, first of all the sum of $5,000 absolutely, to be chosen by him from her real or personal estate, or both. He chose to take a portion of that sum in real estate, and there was set apart to him land which was appraised at $1,550. When he elected to take a portion of the $5,000 in land, his right was to select any piece of his wife's real estate that he chose, for the procedure for appraising and setting apart to him $5,000

in value of the property of his wife is the same as is provided by the Act of April 14, 1851, P. L. 612, relating to widows' exemptions.

Decree affirmed and appeal dismissed at appellant's costs.